IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 27, 2018

**STATE OF TENNESSEE v. CHRISTOPHER JAMES KIRKLAND**

**Appeal from the Circuit Court for Blount County**
**No. C-21101     David R. Duggan, Judge**

_____

**No. E2017-01188-CCA-R3-CD**

_____

The defendant, Christopher James Kirkland, appeals the revocation of the probationary sentence imposed for his Blount County Circuit Court conviction of the delivery of a controlled substance. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Mack Garner, District Public Defender (at hearing), for the appellant, Christopher James Kirkland.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Mike L. Flynn, District Attorney General; and Ryan Desmond, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 27, 2012, the defendant was convicted of delivery of a Schedule II narcotic, and the trial court imposed a sentence of four years to be served on supervised probation.

In 2013, the defendant was convicted of violating his probation by failing to report, and he received a 90-day sentence of split confinement. In 2015, the defendant was again convicted of a probation violation for failure to report and failure to pay court costs and fees. He was sentenced to 160 days of split confinement, and the trial court added an additional year of probation to the defendant's original sentence.

On February 1, 2017, the defendant's probation supervisor filed a probation violation report, alleging that the defendant had violated the terms of his probation by being arrested on January 6, 2017, for theft and driving on a revoked license, by failing to inform his supervisor of his arrest, by failing to report as scheduled for five consecutive months, and by failing to pay court costs and supervision fees. In March, the defendant pleaded guilty to joyriding, driving on a revoked license, possession without a prescription, and driving an unlicensed and unregistered vehicle. On May 5, 2017, the probation supervisor filed an amended probation violation warrant to reflect these new convictions.

At the May 22, 2017 revocation hearing, Robert McGill, the defendant's probation supervisor, testified that the defendant failed to report as scheduled on August 23, 2016, and failed to report entirely in September, October, November, and December. Mr. McGill testified that the defendant also owed $3,203.75 in court costs and $1,008 in probation fees.

The defendant testified and explained that he had stopped reporting to Mr. McGill because he had forgotten the date of his next appointment and because Mr. McGill never answered the voicemails the defendant left for him. With respect to his January 2017 arrest, the defendant claimed that he had a bill of sale for the vehicle he was charged with stealing and that the prescription drugs found in his possession belonged to his girlfriend. According to the defendant, Mr. McGill called him and instructed him to report on February 1, and when the defendant reported as requested, he was arrested for violating the terms of his probation. The defendant asked the court to again order a sentence of split confinement, explaining that he had "learned [his] lesson," that he had been attempting to "get [his] life together," that he had two jobs waiting for him, that he had been sober for several months, and that he wanted to seek custody of his children. The defendant conceded that he "knew [he] was supposed to report" to his probation supervisor but that when Mr. McGill failed to return his telephone call, he "just ended up not going" and that he "was just careless."

At the conclusion of the hearing, the trial court made the following findings:

> Based upon this proof, the [c]ourt finds, Mr. Kirkland, that you've engaged in a material violation of the terms of your probation based upon your convictions for driving on a revoked license, joyriding, possession without a prescription, and an unlicensed, unregistered vehicle. The [c]ourt also finds that you have failed to report on August 23, 2016, and for the entire months of August, September, October,

- 2 -

November, and December 2016. The [c]ourt finds that you have failed to pay your court costs and your supervision fees. And the [c]ourt notes that this is your third violation.

Based upon that and the finding of the material violation and noting that this is your third violation . . . [,] the [c]ourt revokes your probation and you'll be ordered to serve your sentence.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the defendant admitted violating the terms of his probation by failing to attend scheduled meetings. Thus, the defendant conceded an adequate basis for a finding that he had violated the terms of his alternative sentence. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). Although the defendant argues that his failure to report was careless rather than intentional, this court has consistently found that "the trial court need not make findings regarding a defendant's willfulness in regard to the failure to adhere to the other terms of his probation," including a failure to report as scheduled. *State v. Bobby Ray Graves, Jr.*, No. M2015-00619-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Nashville, October 30, 2015); *see also State v. Herman Majors, Jr.*, No. M2009-02087-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Aug. 19, 2010), *perm. app. denied* (Tenn. Dec. 7, 2010); *State v. Rudolph Miller Brooks, Jr.*, No.

E2006-02070-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Knoxville, November 13, 2007). Moreover, the trial court determined that the State sufficiently established the violations. The record supports these determinations, and, therefore, revocation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE